

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| LIONEL B. JORDAN | CIVIL ACTION NO. 05-1923-A |
|---|---|
| -vs- | JUDGE DRELL |
| PARAGON CASINO | MAGISTRATE JUDGE KIRK |

### RULING

Before the Court is a Motion to Dismiss (Doc. 12) filed by Defendant Tunica-Biloxi Indians of Louisiana d/b/a Paragon Casino Resort ("Paragon"). Paragon requests dismissal of this suit pursuant to Fed. R. Civ. P. 12(b)(6). (Doc. 12). Plaintiff Lionel B. Jordan has filed no opposition to the motion. After reviewing the pleadings and applicable law, Paragon's Motion will be GRANTED.

Mr. Jordan claims the facilities at Paragon's casino in Avoyelles Parish violate various provisions of the Americans with Disabilities Act ("ADA"). (Doc. 1). In its motion, Paragon lists several grounds upon which we might dismiss Mr. Jordan's complaint. Among these is Defendant's claim that, as a federally recognized Native American Tribe, it is entitled to sovereign immunity and cannot be sued by Mr. Jordan for the alleged ADA violations. (Doc. 12).

Indian tribes possess the common law immunity from suit traditionally enjoyed by sovereign powers. Santa Clara Pueblo v. Martinez, 436 U.S. 49, 98 S.Ct. 1670 (1977). However, Congress may abrogate this immunity. Id. "It is settled that a waiver of sovereign immunity [by Congress] cannot be implied but must be unequivocally expressed." Id. at 58 (internal quotation marks omitted).

While the Fifth Circuit has not addressed whether the ADA abrogates Indian tribes' sovereign immunity, the Eleventh Circuit has explored the ADA and determined that tribes are not amenable to private suits alleging violations of the ADA. Florida Paraplegic Ass'n v. Miccosukee Tribe of Indians, 166 F.3d 1126 (11th Cir. 1999).

The Eleventh Circuit examined Title III of the ADA and Title II of the Civil Rights Act of 1964, a statute which the ADA references as a source for determining available remedies under the ADA, and noted that neither provision specifically authorizes suits against Indian tribes that allegedly have violated the statutes' substantive provisions. Id. at 1131-32. Therefore, the Eleventh Circuit concluded, Congress did not intend to use the ADA to abrogate tribal sovereign immunity. Id.

Because the ADA does not abrogate the sovereign immunity generally retained by Indian tribes, Paragon cannot be sued for the alleged violations of the ADA about which Mr. Jordan complains. Therefore, Paragon's Motion to Dismiss must be GRANTED.

SIGNED on this _10_ day of July, 2006, at Alexandria, Louisiana.

DEE D. DRELL
UNITED STATES DISTRICT JUDGE